IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | § § § § | |
| AND | § § | |
| WESTCHESTER FIRE INSURANCE COMPANY | § § § | Civil Action No. _____ |
| Plaintiffs, | § § § | |
| v. | § § | |
| TEAM INDUSTRIAL SERVICES INC., | § § § | |
| Defendant. | § | |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs ACE Property and Casualty Insurance Company and Westchester Fire Insurance Company (collectively, the "Insurers") bring this Complaint for Declaratory Relief against Team Industrial Services, Inc. ("Team Industrial") and state the following:

**INTRODUCTION**

1. This is an insurance coverage dispute. As detailed below, Team Industrial demands insurance coverage under policies issued by the Insurers (collectively, the "Policies") arising out of Team Industrial's allegedly negligent inspection of a piping system at a chemical plant in Victoria, Texas (the "Plant").

2. On March 25, 2021, a chemical release from the piping system resulted in a flash fire at the Plant, injuring several people.

3. Two lawsuits followed the accident: *Nabor Barron v. Kitz Corporation of America., et al.,* Cause No. 22-DCV-291957 in the 434th Judicial District Court of Fort Bend County, Texas ("Barron Lawsuit") and *Arnoldo Luna and Barbado Rojas v. Kitz Corporation of America., et al.,* Cause No. 2022-84307 in the 190th Judicial District Court of Harris County, Texas ("Luna Lawsuit").

4. Team Industrial was named as a defendant in both lawsuits and seeks defense and indemnity under the Policies.

5. The Policies contain an exclusion that, with a few exceptions, excludes coverage for loss arising out of or in any way related to pollution, however caused. Because the accident underlying the lawsuits arose from the release of a pollutant, the Insurers' Policies do not provide coverage unless one of the exceptions applies.

6. There is a dispute as to whether any exception applies. There is also a dispute as to when the duty to defend is triggered, if at all.

## PARTIES

7. Plaintiff ACE Property and Casualty Insurance Company is, and at all relevant times was, a Pennsylvania corporation with its principal place of business in Pennsylvania.

8. Plaintiff Westchester Fire Insurance Company is, and at all relevant times was, a Pennsylvania corporation with its principal place of business in Pennsylvania.

9. Defendant Team Industrial Services, Inc. is a Texas corporation with its principal place of business in Texas.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because (a) there is complete diversity of citizenship between the plaintiffs and defendants, as they are citizens of different states, and (b) the amount of controversy exceeds $75,000, exclusive of interest and costs.

11. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) because Team Industrial resides, owns property, and is subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the coverage dispute occurred in this district, including (a) the contracting and negotiating of the insurance policies and the delivery of the policies to the named insured, Team, Inc., who is the sole agent for all insureds, including Team Industrial; and (b) Team, Inc.'s notice of the insurance claim and later claim correspondence was sent to the Insurers from Team's headquarters in Sugar Land, Texas.

12. This matter is properly filed pursuant to 28 U.S.C. § 2201 because an actual, ripe, and justiciable controversy exists between the Insurers and Team Industrial as to the application and interpretation of insurance policies.

## BACKGROUND

### A. The Pollution Release

1. On March 25, 2021, Luperox 225M60, a 60% active liquid organic peroxide for use in polymer synthesis, leaked from the piping system in the "cat prep" area at the F-Unit of the Performance Materials Plant in Victoria, Texas, spraying peroxide into the atmosphere.

2. As a result of this chemical release, the liquid ignited and caused an explosion, resulting in injuries to individuals working in the area.

3. It appears uncontested that the peroxide ignited, causing the explosion, but there are significant disputes as to what caused the peroxide release and who bears responsibility. The injured parties allege the release came from a faulty coupling and that Team Industrial bears at least some responsibility because it negligently inspected the coupling and failed to notify the Plant owner of deficiencies.

**B.    The Lawsuits**

4. On March 18, 2022, Nabor Barron filed the Barron Lawsuit as a result of injuries he sustained as a result of the accident. Barron's current pleading, Plaintiff's Fourth Amended Petition, was filed on May 13, 2024.

5. In that pleading, he asserts causes of action against Kitz Corporation of America, Team Industrial, Mistas Group, Inc., E.I. Du Pont De Nemours and Company, The Dow Chemical Company, and Union Carbide Corporation.

6. Barron, a Performance Contractors employee, was allegedly making rounds through the Plant when "a nearby isolation valve failed, causing 41.7 lbs. of organic peroxide, Luperox 225M60 ('peroxide') to spray into the atmosphere." Barron further alleges the chemical ignited and caused an explosion that severely burned him. He alleges the isolation valve should have prevented the peroxide from escaping the pipes and entering the atmosphere, but that it failed to operate properly. The coupling was allegedly not in accordance with the Plant's pipes specifications, was put on backward, and was not tightened, among other issues.

7. Barron alleges that Kitz manufactured the isolation valve, Dow and Dupont owned and operated the plant, and that Mistras and Union Carbide provided installation, inspections, and maintenance on the lines and valves involved in the explosion. Barron asserts multiple causes of action against each of these defendants.

8. Barron has argued that Team Industrial had been retained in September 2015 and March 2020 to inspect the piping system and that there were multiple issues with the coupling that led to the leak, all of which should have been discovered in Team Industrial's inspections. Barron alleges Team Industrial's failure to recognize and report these issues played a role in his injuries.

9. On December 30, 2022, Arnoldo Luna and Barbado Rojas filed suit as a result of injuries they sustained as a result of the accident. Their current pleading, Plaintiffs' Third Amended Petition, was filed on May 13, 2024. Like Barron, they assert causes of action against Kitz, Team Industrial, Mistas, DuPont, Dow, and Union Carbide. They also assert claims against Performance Materials NA, Inc.

10. Luna and Rojas were both employed by BrandSafway, LLC and working in the area when the peroxide was released and the explosion occurred. Their factual allegations and causes of action are essentially the same as those asserted by Barron.

C.  **The Policies and Coverage Dispute**

11. ACE Property and Casualty Insurance Company issued Commercial Umbrella Liability policy G71808634, effective May 31, 2020 to May 31, 2021, to Team, Inc. as the first Named Insured (the "ACE Policy"). Team Industrial is an insured under the ACE Policy. The ACE Policy has $10 million Each Occurrence and

$10 million General Aggregate limits in excess of a $10 million retained limit. A true and correct copy of the ACE Policy is attached as attachment A.

12. Subject to all terms and conditions, the ACE Policy provides coverage for "those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies."

13. Under ACE Policy Endorsement No. 10—Pollution Exclusion Combination Exception Time Element and Named Peril (With Insured's Retained Limit), coverage is excluded for "any injury, damage, expense, cost, 'loss', liability or legal obligation arising out of or in any way related to pollution, however caused" (the "Pollution Exclusion").

14. The term Pollution includes the actual, alleged, or potential presence in or introduction into the environment of any pollutants, if such pollutants have, or are alleged to have, the effect of making the environment impure, harmful, or dangerous. Pollutants includes any solid, liquid, gaseous, thermal irritant, or contaminant, including chemicals and waste.

15. The Pollution Exclusion is subject to limited exceptions. For an exception to apply, Team Industrial must first show the chemical release, not the injury, (1) was unexpected and unintended from Team Industrial's standpoint; (2) commenced abruptly and can be clearly identified as having commenced on a specific date during the policy period, and (3) was caused by one of the following:

    a.    By fire, lightning, explosion, windstorm, vandalism, malicious mischief, riot, flood, earthquake, sprinkler leakage, or discharge from a heating, ventilating or air conditioning system or collision or upset of a motor vehicle, mobile equipment, railcar or an aircraft;

    b.    By or arises out of your product included in the products-completed operations hazard; or

    c.    By any peril other than those listed in subparagraph 3.a. above, provided that the discharge, dispersal, seepage, migration, release or escape of pollutants:

        (1)    Is at or from any:

            (a) Premises, site or location which is owned by or occupied by, or rented or loaned to, any insured; or

            (b) Premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations

    And

        (2)    Is known by any insured within 3 days of the commencement of the discharge, dispersal, seepage, migration, release or escape of pollutants; and

        (3)    Is reported to us within 30 days of the commencement of the discharge, dispersal, seepage, migration, release or escape of pollutants.

16. Based on the available information, it does not appear an exception applies because, among other reasons, the release was not the result of a fire, explosion, etc., the release did not arise out of any Team Industrial product, and there is no indication any Team Industrial employees were performing operations at the F Unit.

17. Westchester Fire Insurance Company issued ACE Catastrophe Liability Plus Policy No. G71809365 ("Westchester Policy") to Team, Inc. for the policy period of May 31, 2020 to May 31, 2021 with limits of $10 million each occurrence and in the aggregate, excess of $40 million in underlying excess insurance. Team Industrial is an insured on the Westchester Policy. The Westchester Policy generally follows form to the ACE Policy, including the Pollution Exclusion. A true and correct copy of the Westchester Policy is attached as attachment B.

## REQUEST FOR DECLARATORY RELIEF

18. The Insurers reallege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

19. An actual controversy exists between the Insurers and Team Industrial regarding their legal rights and duties under the Policies with respect to coverage for the Barron Lawsuit, Luna Lawsuit, and any other claims asserted against Team Industrial arising out of or in any way related to the March 25, 2021 chemical release.

20. The Insurers seek a judicial declaration of their rights and duties under the Policies with respect to the claims asserted by Team Industrial detailed above, pursuant to 28 U.S.C. § 2201.

21. Specifically, the Insurers ask the Court for a judicial declaration and determination that the Insurers have no duty to defend or indemnify Team Industrial in connection with the claims alleged in the Barron Lawsuit and the Luna Lawsuit and any other claims asserted against Team Industrial arising out of or in any way related to the March 25, 2021 chemical release.

22. A judicial declaration is necessary and appropriate at this time so that the Insurers and Team Industrial may ascertain their respective rights, duties, and obligations under the Policies.

23. In addition to the foregoing requests for declaratory relief, the Insurers seek a judgment against Team Industrial for costs of suit incurred herein; and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs ACE and Westchester demand a jury trial for their declaratory relief cause of action in this lawsuit.

DATED: October 31, 2024

**AKERMAN LLP**

*/s/ Jeremy A. Williams*
**Jeremy A. Williams**
Texas Bar No. 24037714
Jeremy.williams@akerman.com
**Jason B. Heep**
Texas Bar No. 24077587
Jason.heep@akerman.com
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Phone:  214.720.4300
Fax:    214.981.9339

*Attorneys for Plaintiffs ACE Property Casualty Insurance Company and Westchester Fire Insurance Company*